UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LUCERNE CAPITAL MANAGEMENT, LP,
    *Plaintiff*,

v.

ARCH INSURANCE COMPANY,
    *Defendant.*

No. 3:23-cv-01129 (VAB)

**RULING AND ORDER ON MOTION TO REMAND TO STATE COURT**

Lucerne Capital Management, LP ("Lucerne" or "Plaintiff") filed suit seeking a declaration of coverage and damages related to an employment discrimination claim brought by a former employee of Lucerne. Complaint, ECF No. 11 at 23–43. ("Compl.").

Arch Insurance Company ("Arch Insurance" or "Defendant") removed the case from Connecticut Superior Court under 28 U.S.C. §§ 1332, 1441 and 1446(b)(3) on the basis of diversity jurisdiction. Am. Notice of Removal, ECF No. 11 ("Am. Notice of Removal") ¶ 26.

Lucerne filed a motion to remand and seeks to have the case sent back to Connecticut Superior Court for lack of federal jurisdiction. Mot. to Remand, ECF No. 18 ("Mot. to Remand").

For the following reasons, Lucerne's motion to remand is **DENIED**.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On August 24, 2022, Lucerne filed its Complaint in the Superior Court for the Judicial District of Stamford/Norwalk at Stamford against Arch Insurance Company, Arch Insurance Group, Inc., and Marsh, USA. Compl. at 23–24.

On January 17, 2023, Lucerne withdrew its action against Marsh, USA. *See Lucerne Capital Management v. Arch Insurance Group, Inc.*, FST-CV22-6058012-S, Entry No. 120.00

(Jan. 17, 2023) ("Marsh, USA Withdrawal"); Am. Notice of Removal at 17.

On May 17, 2023, Lucerne withdrew its action against Arch Insurance Group, Inc. *See Lucerne Capital Management v. Arch Insurance Group, Inc.*, FST-CV22-6058012-S, Entry No. 136.00 (May 17, 2023); Am. Notice of Removal at 1.

On August 24, 2023, Arch Insurance removed this case from the Superior Court to the United States District Court for the District of Connecticut on the basis of diversity jurisdiction. Notice of Removal, ECF No. 1.

On August 30, 2023, Arch Insurance filed an amended notice of removal correcting the court caption. Am. Notice of Removal at 1.

On September 11, 2023, Lucerne moved to remand the case to state court. Mot. to Remand.

On September 11, 2023, Lucerne also filed a memorandum in support of its motion to remand, the affidavit of Attorney Eric D. Grayson, and the affidavit of Patrick Moroney. Mem. in Support of Mot. to Remand, ECF No. 23 ("Mem."); Aff. of Attorney Eric. Grayson, ECF No. 20 ("Grayson Aff."); Aff. of Patrick Moroney, ECF No. 21 ("Moroney Aff.").

On September 12, 2023, Lucerne filed an amended memorandum in support of its motion to remand. Am. Mem. in Support of Mot. to Remand, ECF No. 23 ("Am. Mem.").

On September 12, 2023, Lucerne filed an additional exhibit to accompany the affidavit of Attorney Grayson. Grayson Aff., Exhibit L, ECF No. 24.

On October 2, 2023, Arch Insurance opposed Lucerne's motion to remand. Opp'n to Pl.'s Mot. to Remand, ECF No. 25 ("Opp'n").

On October 4, 2023, Lucerne replied to Arch Insurance's opposition to its motion to remand. Pl.'s Reply to Def.'s Opp'n, ECF No. 26 ("Reply").

**II.     STANDARD OF REVIEW**

A court will remand a case, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The party opposing a motion to remand bears the burden of showing that the requirements for removal are satisfied. *See United Food & Com. Workers Union, Loc. 919 v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) ("[T]he party asserting jurisdiction bears the burden of proving that the case is properly in federal court."); *see also Cal. Pub. Emps. Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004) ("[T]he defendant bears the burden of demonstrating the propriety of removal." (quoting *Grimo v. Blue Cross/Blue Shield of Vermont*, 34 F.3d 148, 151 (2d Cir. 1994))).

**III.    DISCUSSION**

District courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district . . . embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Arch Insurance bases its removal on diversity jurisdiction under 28 U.S.C. § 1332(a). Notice of Removal ¶ 26.

In response, Lucerne argues that even if diversity jurisdiction exists, Arch Insurance's removal was untimely. Am. Mot. to Remand at 6.

The Court therefore will address whether diversity jurisdiction exists so as to permit removal and the timeliness of Arch Insurance's removal.

### A. Diversity Jurisdiction

The removal statute permits removal of civil actions "of which the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a). In other words, "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Lucerne argues that because both Lucerne and former Defendant Marsh, USA were citizens of New York, diversity jurisdiction did not exist at the time the action was filed in state court, thus warranting remand. Am. Mot. at 5.

In response, Arch Insurance concedes that generally, diversity jurisdiction must exist at the time of filing, but argues that Lucerne's voluntary dismissal of the non-diverse defendant satisfies an exception to the general rule. Opp'n at 9.

In its reply brief, Lucerne argues that because it withdrew its Complaint against Marsh, USA "[i]n the interests of judicial economy, rather than opposing the motion and waiting for the inevitable decision from the court granting Marsh's motion," its dismissal of Marsh, USA was not voluntary. Reply at 5.

The Court disagrees.

Although generally district courts determine whether removal was proper by evaluating "whether that action could have been brought originally in federal court[,]" *Home Depot U.S.A., Inc. v. Jackson*, 139 S.Ct. 1743, 1748 (2019), "the Second Circuit has adopted the voluntary-involuntary rule" stating that "if a plaintiff's dismissal of non-diverse parties was voluntary, removal was permitted." *Lopez v. Wells*, No. 07 Civ. 10707 (PKL), 2008 WL 2662018, at *3 (S.D.N.Y. July 7, 2008) (citing *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 546–48 (5th Cir. 1967); *Quinn v. Aetna Life & Cas. Co.*,

616 F.2d 38, 40 n.2 (2d Cir. 1980); *LGP Gem Ltd. v. Cohen*, 636 F. Supp. 881, 883 (S.D.N.Y. 1986)). "[I]f the non-diverse defendant were dismissed from the case on his own motion, against the plaintiff's will, then the case would not be removable." *LGP Gem Ltd.*, 636 F. Supp. at 882 (citing *Whitcomb v. Smithson*, 175 U.S. 635 (1900)).

A dismissal may be considered voluntary where the "plaintiffs elected not to appeal the ruling dismissing the [defendants] from their suit." *Quinn*, 616 F.2d at 40 n.2. Thus, "the finality of the dismissal, not the plaintiff's participation in it, is the factor that determines removability." *250 Lake Avenue Associates, LLC v. Erie Insurance Co.*, 281 F. Supp. 3d 335, 339 (W.D.N.Y 2017) (quoting *LGP Gem Ltd.*, 636 F. Supp. at 883).

Here, the non-diverse defendant in this case was not dismissed on its own motion. *See* Marsh, USA Withdrawal. Lucerne concedes that the mandatory forum clause in its contract with Marsh, USA required an action against Marsh, USA to be commenced in New York. *See* Reply at 5. As a result, the exclusion of Marsh, USA from this action is final.

Accordingly, the parties have attained complete diversity and Arch Insurance's removal of the action to this Court is not barred by the "voluntary-involuntary rule."

**B.      Timeliness**

Under 28 U.S.C. § 1446(b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

Lucerne argues that Arch Insurance had until February 16, 2023, thirty days from when diversity jurisdiction existed, to remove this case, but that it did not do so until August 24, 2023.

Am. Mem. at 9. Lucerne argues that Arch Insurance should have known that its withdrawal of Marsh, USA created complete diversity because Arch Hedge Fund Essentials Applications (the "applications") Lucerne sent to Arch Insurance as early as January 14, 2016, listed Mr. Taselaar and Mr. Hovers as Lucerne's only partners, and that correspondence between the parties in September of 2022, confirmed that Mr. Taselaar and Mr. Hovers were domiciled in Florida and New York respectively. Am. Mot. at 7–8; Reply at 1–3.

In response, Arch Insurance argues that its removal was timely, as it was filed within thirty days of learning the case was subject to federal jurisdiction. Opp'n at 17. Arch Insurance argues that it was a post-trial brief in the underlying employment discrimination action against Lucerne, posted on the docket on July 28, 2023, that confirmed complete diversity in this action. Opp'n at 6; *see also Casey De Simone v. Lucerne Capital Management, LP*, Docket No. FST-CV-18-6037061-S, Entry No. 222.00 (July 28, 2023). In other words, Arch Insurance effectively argues that the thirty-day clock had not yet begun as of the time of its removal. *See Suttlehan v. MidFirst Bank*, 205 F. Supp. 3d 366, 371 (S.D.N.Y. 2016) (concluding that a filing in another action is not an "other paper" under § 1446(b)(3)).

The Court agrees.

The parties agree that this case could not have been removed at the time Lucerne filed its initial pleading. *See* Opp'n at 10 ("It is not disputed that the Action was not removable when first filed."); Am. Mem. at 5 ("[T]here can be no dispute that there did not exist original diversity jurisdiction at the time the action was filed in State court."). The issue then is when Arch Insurance received "a copy of an amended pleading, motion, order or other paper" from which it was first ascertainable that the case had become removable. 28 U.S.C. § 1446(b)(3).

This inquiry is not whether Arch Insurance should have known that the case had become

removeable. "The Second Circuit has made clear that the 30-day removal clocks in Section 1446(b) are triggered only when '*the plaintiff* provides facts explicitly establishing removability or alleges sufficient information for the defendant to ascertain removability.'" *Thompson v. Rojas*, No. 21-CV-3748 (KAM) (RER), 2022 WL 4357463, at *3 (E.D.N.Y Sep. 20, 2022) (emphasis in original) (quoting *Cutrone v. Mortg. Elec. Registration Sys., Inc.*, 749 F.3d 137, 145 (2d Cir. 2014)). As one court in this Circuit has ruled, an affidavit created by the defendant's counsel that specified the amount in controversy as exceeding $100,000 was "based on the defendant's subjective knowledge," and that "affidavit, created entirely by the defendant, is not 'other paper' under [§] 1446(b)[.]" *Suttlehan*, 205 F. Supp. 3d at 371 (citing *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996); *see also State Farm Fire & Cas. Co. v. Valspar Corp.*, 824 F. Supp. 2d 923, 930 (D.S.D. 2010) ("[A] district court need not inquire into the subjective knowledge of the defendant when determining when the defendant first ascertained the action had become removable."); *Morrison v. Capital One Auto Fin., Inc.*, No. 10-CV-00490, 2010 WL 1688508, at *1 (S.D.W.Va. Apr. 20, 2010) ("In determining whether the grounds for removal were ascertainable from a motion, order or other paper, a court must not inquire into the subjective knowledge of the defendant." (internal quotation marks omitted)).

Instead, "[t]he majority of courts to consider the issue—both within this Circuit and without—have held that, for section 1446(b) purposes, the term 'other paper' refers solely to documents generated in or arising out of the state-court action that is the subject of the defendant's removal petition." *Connecticut v. McGraw Hill Companies, Inc.*, No. 3:13-cv-311 (SRU), 2013 WL 1759864, at *3 (D. Conn. Apr. 24, 2013). Consistent with § 1446(b)(3), "other paper" will only trigger the thirty-day period for removal, if it arose from the action itself. *See id.* ("The removal statute provides a list of documents that will trigger the delayed-removal

7

provision under section 1446(b). That list begins with specific items, such as amended pleadings, motions and orders, and ends with a residual category, 'other paper.' *See* 28 U.S.C. § 1446(b)(3). Generally speaking, 'when a statute sets out a series of specific items ending with a general term, that general term is confined to covering subjects comparable to the specifics it follows.'" (quoting *Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 586 (2008))).

Here, although the e-mails Lucerne points to as giving Arch Insurance notice of complete diversity were generated in relation to this action,[1] the e-mails did not indicate that Pieter Taselaar and Matheus Hovers were the sole owners of Lucerne, despite Arch Insurance specifically requesting such information. *See* Grayson Aff., Ex. K, ECF No. 20-5 at 1–2 ("September letter") ("[P]lease state whether you agree that Pieter Taselaar and Matheus Hovers are the ultimate members in and sole owners of Plaintiff and its General Partner, Lucerne Capital General Partners, LLC."). The September letter also requested that Lucerne "confirm that both [Mr.] Taselaar and Hovers are domiciled in Florida." *Id*. The subsequent e-mail chain did not do this either. *See* Grayson Aff., Ex. K, ECF No. 20-5 at 3–6 ("September e-mails") ("There is no diversity. Lucerne is formed under Del. law and Mr. [Hovers] is a resident of New York. . . . He lives in NY and resides in NY. . . . He is 100% a resident of NY. If you remove and claim he is not, you do so at your own risk.").

Significantly, Lucerne's e-mails to Arch Insurance do not mention Mr. Taselaar or where he is domiciled. *See Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998) ("For purposes of diversity jurisdiction, a party's citizenship depends on his domicile." (citing *Gilbert v. David*, 235 U.S. 561, 569 (1915))). Indeed, the e-mails do not make clear where Mr. Hovers is

---

[1] It is undisputed that five of the applications provided to Arch Insurance were sent before this action even commenced. Reply at 1–2; *see also Thompson*, 2022 WL 4357463, at *3 ("[T]he 30-day clock in Section 1446(b)(3) is not triggered by 'any document received prior to receipt of the initial pleading.'" (quoting *Marroquin v. Jenkins*, No. 22-CV-2558 (JMA) (ARL), 2022 WL 3019971, at *3 (E.D.N.Y. July 29, 2022))).

8

domiciled either. *See Doe No. 1 v. Knights of Columbus*, 930 F. Supp. 2d 337, 347 (D. Conn. 2013) ("[F]or jurisdictional purposes, [d]omicile is not necessarily synonymous with residence, and one can reside in one place but be domiciled in another" (internal quotation marks omitted) (quoting *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989))).

Without determining whether Lucerne's mention of Mr. Hovers's residence was sufficient to put Arch Insurance on notice of his domicile, Lucerne's refusal[2] to confirm its ownership, and to make a statement from which Arch Insurance could ascertain Mr. Taselaar's domicile, there was no amended pleading, motion, order, or other paper from which Arch Insurance could have ascertained that the case is one which is or has become removable. *Cf. Lopez v. Costco Wholesale Corp.*, No. 1:20-cv-01654-DAD-HBK, 2021 WL 487368, at *4 (E.D. Cal. May 10, 2023) ("Based on the record before the court, plaintiff provided no other jurisdictional clues in her complaint or in other documents that, taken into consideration with the medical records, could have established that she was domiciled in California at the time the complaint was filed until she served her responses to defendant's form interrogatories on October 26, 2020.").

In the absence of any amended pleading, motion, order, or other paper from Lucerne to Arch Insurance from which it could ascertain that diversity existed, the thirty-day clock had not yet begun, let alone elapsed, and Arch Insurance's removal to this Court was timely.

Accordingly, Lucerne's motion to remand will be denied.

## IV.     CONCLUSION

---

[2] In addition to the September letter, Arch Insurance served Lucerne with requests for admissions, including the following: "Admit that Lucerne Capital Management, LP consists of the following three partners: (1) Lucerne Capital General Partner, LLC; (2) Pieter Taselaar; and (3) Thijs Hovers." Am. Notice of Removal, Ex. A at 491. Lucerne objected to the request: "Objects on the basis that this Request is not reasonably designed to lead to the discovery of admissible evidence, nor would it be of assistance in the prosecution or defense of the action under P.B. 13-2. Further, this Request and the information sought has no relevance, bearing or connection to any issue that is in dispute. It is meant solely for purposes of harassment, and to annoy and burden the Plaintiff." *Id.*

For the foregoing reasons, Lucerne's motion to remand to state court is **DENIED**.

**SO ORDERED** at New Haven, Connecticut, this 22nd day of November 2023.

                                               /s/ Victor A. Bolden
                                              VICTOR A. BOLDEN
                                              UNITED STATES DISTRICT JUDGE